**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CARLY A. VOLP, as Personal
Representative of the Estate of
KYLE ROBERT VOLP,

    Plaintiff,

v.                                      Case No. 3:18-cv-689-J-32JRK

ANDREW WILLIAM SASSER, as
an individual, and NASSAU
COUNTY SHERIFF'S OFFICE, Bill
Leeper, in his official capacity as
Sheriff

    Defendants.

## O R D E R

On November 30, 2020, the Court granted summary judgment in favor of Defendant Nassau County Sheriff's Office ("NCSO") as to the Section 1983 failure to train claim (Count II), the negligent hiring claim (Count V), and the negligent retention claim (Count VI). (Doc. 64). This case is now before the Court on Plaintiff Volp's Motion for Reconsideration (Doc. 68), to which NCSO has responded (Doc. 69).[1] Volp contends that the Court misapplied Eleventh

---

[1] Volp brings this motion pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(4), and 60(b)(6). See Higdon v. Tusan, 673 F. App'x 933, 935 (11th Cir. 2016) ("Relief under Rule 60(b)(6) is an extraordinary remedy that may be invoked only upon a showing of exceptional circumstances."); Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001) ("Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it . . . acted in a manner inconsistent with

Circuit precedent as stated in Am. Fed'n of Labor & Cong. of Indus. Org. v. City of Miami, 637 F.3d 1178 (11th Cir. 2011), to Count II and that the Court misapplied the summary judgment standard in ruling on Counts II, V, and VI. (Doc. 68 at 6).

Volp incorrectly suggests that the Court misapplied Am. Fed'n, which provides that "[a] plaintiff may demonstrate notice by showing . . . a single earlier constitutional violation." 637 F.3d at 1189. None of the incidents that took place at NCSO prior to the altercation between Volp and Sasser fall within that narrow range of circumstances in which a single incident is adequate to put a municipality on notice. See Race v. Bradford Cty., No. 3:18-cv-153-J-39PDB, 2019 WL 7482235, at *16 (M.D. Fla. Aug. 20, 2019) ("[T]he law is clear a pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate notice of a need to train or supervise, and only in a 'narrow range of circumstances' . . . may a pattern be unnecessary.") (collecting cases), report and recommendation adopted, No. 3:18-cv-153-J-39PDB, 2019 WL 7482213, at *2–3 (M.D. Fla. Sept. 26, 2019); see, e.g., City of

---

due process of law.") (internal quotation marks omitted); Terry v. United States, No. 3:13-cv-1140-J-34JRK, 2020 WL 3799772, at *1 (M.D. Fla. Jul. 7, 2020) ("The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. This Court has interpreted those parameters to include (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.") (internal citations and quotation marks omitted).

Canton, Ohio v. Harris, 489 U.S. 378, 390 n.10 (1989) (hypothesizing that proof of a single incident could be enough to show deliberate indifference where a police department gives officers firearms without providing any training regarding the constitutional limitations on the use of deadly force); see also Am. Fed'n, 637 F.3d at 1189 ("Establishing notice of a need to train or supervise is difficult.").

In addition, Volp asserts that the Court should have denied NCSO's motion for summary judgment as to Count II because the record contains sufficient evidence of NCSO officers using excessive force on inmates. Here, Volp is simply rehashing an argument the Court already rejected in the summary judgment practice. See (Doc. 64 at 10–18); Keith v. Dekalb Cty., 749 F.3d 1034, 1053 (11th Cir. 2014) ("While there may have been ways in which the [sheriff] could have improved the training of officers, the deliberate indifference standard requires a showing of more than gross negligence."); Gold v. City of Miami, 151 F.3d 1346, 1351 n.10 (11th Cir. 1998) (The "high standard of proof [for failure to train claims] is intentionally onerous for plaintiffs; imposing liability on a municipality without proof that a specific policy caused a particular violation would equate to subjecting the municipality to respondeat superior liability—a result never intended by [S]ection 1983."). This alone warrants a denial of the request to reconsider this issue. "A motion for reconsideration cannot be used to relitigate old matters." Wilchombe v. TeeVee

3

Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted); see also PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995) ("A motion for reconsideration should raise new issues, not merely readdress issues litigated previously.").

Finally, Volp fails to point to any case law or specific facts to show that the Court erred in applying the motion for summary judgment standard to Counts V and VI. Indeed, Volp, as a matter of law, failed to establish negligent retention and negligent hiring claims because Deputy Sasser's conduct prior to the altercation with Volp was not of the kind to put NCSO on notice that Deputy Sasser had a propensity to batter inmates. See (Doc. 64 at 25–26); Martinez v. Pavex Corp., 422 F. Supp. 2d 1284, 1298–99 (M.D. Fla. 2006) ("Whether [the defendant] had actual or constructive knowledge of [its employee's] use of racial slurs is irrelevant, as any such knowledge would not be sufficient to put [the defendant] on notice of [the employee's] unfitness (the propensity to assault or batter) that provides the independent tort on which [plaintiff's] negligent retention and supervision [claim] is based."); Garcia v. Duffy, 492 So.2d 435, 441 (Fla. 2d DCA 1986) (reasoning that "an employer who learns of an employee's conviction for petit theft cannot be deemed liable, on the basis of negligent retention upon constructive or actual notice of that crime, for the employee's subsequent rape of a customer.").

In sum, Volp's motion for reconsideration fails to identify newly discovered evidence, manifest errors of law or fact, or any other grounds for relief. Therefore, the Court adheres to its November 30, 2020 Order granting summary judgment on Counts II, V, and VI. (Doc. 64). See Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072 (M.D. Fla. 1993) ("The Court's reconsideration of a prior order is an extraordinary remedy. Exercise of this power must of necessity be used sparingly.").

Accordingly, it is hereby

**ORDERED:**

Plaintiff Volp's Motion for Reconsideration (Doc. 68) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida the 20th day of January, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

tn
Copies:

Counsel of record