UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO:    3:18-cv-689-J-32JRK

CARLY A. VOLP, as Personal
Representative of the Estate of
KYLE ROBERT VOLP,

      Plaintiff,

v.

ANDREW WILLIAM SASSER, as an individual,
NASSAU COUNTY SHERIFF'S OFFICE
[Bill Leeper, in his capacity as Sheriff
of Nassau County, Florida],

      Defendant.
_____/

## PLAINTIFF'S NOTICE OF FILING PROPOSED JURY INSTRUCTIONS

Plaintiff, CARLY A. VOLP, as Personal Representative of the Estate of KYLE ROBERT

VOLP,  hereby submits the following proposed jury instructions.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 15, 2021, a true and correct copy of the foregoing was

electronically filed in the U.S. District Court, Middle District of Florida, Jacksonville Division, by

using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ Nelson E. Sierra*_____
**MARTIN SITLER (FL Bar No.: 79075).**
**NELSON E. SIERRA (FL Bar No.: 124247)**
**RONALD E. SHOLES, P.A.**
4981 Atlantic Boulevard
Jacksonville, Florida 32207
Ph: 904-721-7575 Fax: 904-721-7474
Primary Email: **ronsholespa-team2-eservice@youhurtwefight.com**
Attorneys for Plaintiff

## JURY INSTRUCTIONS BEFORE JURY SELECTION

## <u>JURY INSTRUCTION N0.1</u>

### 201.1 DESCRIPTION OF THE CASE
### (Prior to Voir Dire)

Welcome. I will now administer your oath.

*Do you solemnly swear or affirm that you will answer truthfully all questions asked of you as prospective jurors so help you God?*

Now that you have been sworn, I would like to give you an idea about what we are here to do.

This is a civil trial.  A civil trial is different from a criminal case, where a defendant is charged by the state prosecutor with committing a crime.  The subject of a civil trial is a disagreement between people or companies, where the claims of one or more of these parties have been brought to court to be resolved.  It is called "a trial of a lawsuit".

This civil action arises from an incident that occurred on or about July 1, 2015, while Mr. Kyle Volp was under the custody and control of Defendant NASSAU COUNTY SHERRIFF'S OFFICE and placed in an individual cell as a "medical watch" inmate, in or near the booking section of the Nassau County Jail.  When in such state, Co-Defendant and employee of Nassau County Sherriff's Office, ANDREW WILLIAM SASSER (Sasser), forcibly pushed Mr. Volp into a cinderblock wall twice and striking him with his knee, and punching him.  As a result, Mr. Volp was permanently and seriously injured.

The principal witnesses who will testify in this case are: [See parties' witness lists]

<u>JURY INSTRUCTION NO. 2</u>

**201.2 INTRODUCTION OF PARTICIPANTS AND THEIR ROLES**

Who are the people and what do they do?

**Judge/Court:** I am the Judge.  You may hear people occasionally refer to me as "The Court".  That is the formal name for my role.  My job is to maintain order and decide how to apply the rules of the law to the trial.  I will also explain various rules to you that you will need to know in order to do your job as the jury.  It is my job to remain neutral on the issues of this lawsuit.

**Parties:** A party who files a lawsuit is called the Plaintiff.  A party that is sued is called the Defendant.

**Attorneys**: The attorneys to whom I will introduce you have the job of representing their clients.  That is, they speak for their clients here at the trial.  They have taken oaths as attorneys to do their best and to follow the rules for their profession.

**Plaintiff's Counsel:** The attorneys on this side of the courtroom, Nelson Sierra and Martin Sitler, represent Carly Volp who is the widow and personal representative of Kyle Robert Volp and are the persons who filed the lawsuit here at the courthouse.  Their job is to present their client's side of things to you.  They and their client will be referred to most of the time as "the plaintiff".

**Defendant's Counsel:** The attorneys on this side of the courtroom, Joe Longfellow and Ramsey Ravell represent Defendant Nassau County Sherriff's Office, and John Merrett represents Defendant Andrew Sasser and they are the ones who have been sued.  Their job is to present their client's side of things to you.  They and their client will usually be referred to here as "the defendant".

**Court Clerk:** This person sitting in front of me, _____ , is the court clerk. [He] [She] is here to assist me with some of the mechanics of the trial process, including the numbering and collection of the exhibits that are introduced in the course of the trial.

**Court Reporter:** The person sitting at the stenographic machine, is the court reporter. [His] [Her] job is to keep an accurate legal record of everything we say and do during the trial.

**Bailiff:** The person over there, _____ , is the bailiff. [His] [Her] job is to maintain order and security in the courtroom. The bailiff is also my representative to the jury. Anything you need or any problems that come up for you during the course of the trial should be brought to [him] [her]. However, the bailiff cannot answer any of your questions about the case. Only I can do that.

**Jury:** Last, but not least, is the jury, which we will begin to select in a few moments from among all of you. The jury's job will be to decide what the facts are and what the facts mean. Jurors should be as neutral as possible at this point and have no fixed opinion about the lawsuit.

In order to have a fair and lawful trial, there are rules that all jurors must follow. A basic rule is that jurors must decide the case only on the evidence presented in the courtroom. You must not communicate with anyone, including friends and family members, about this case, the people and places involved, or your jury service. You must not disclose your thoughts about this case or ask for advice on how to decide this case.

I want to stress that this rule means you must not use electronic devices or computers to communicate about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept any messages to or from anyone about this case or your jury service.

You must not do any research or look up words, names, [maps], or anything else that may have anything to do with this case. This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else.

All of us are depending on you to follow these rules, so that there will be a fair and lawful resolution to this case. Unlike questions that you may be allowed to ask in court, which will be answered in court in the presence of the judge and the parties, if you investigate, research or make inquiries on your own outside of the courtroom, the trial judge has no way to assure they are proper and relevant to the case. The parties likewise have no opportunity to dispute the accuracy of what you find or to provide rebuttal evidence to it. That is contrary to our judicial system, which assures every party the right to ask questions about and rebut the evidence being considered against it and to present argument with respect to that evidence. Non-court inquiries and investigations unfairly and improperly prevent the parties from having that opportunity our judicial system promises. If you become aware of any violation of these instructions or any other instruction I give in this case, you must tell me by giving a note to the bailiff.

## JURY INSTRUCTIONS BEFORE OPENING STATEMENTS

## JURY INSTRUCTION NO. 3

### 202.1 INTRODUCTION

You have now taken an oath to serve as jurors in this trial.  Before we begin, I am going to tell you about the rules of law that apply to this case and let you know what you can expect as the trial proceeds.

It is my intention to give you most of the rules of law but it might be that I will not know for sure all of the law that will apply in this case until all of the evidence is presented.  However, I can anticipate most of the law and give it to you at the beginning of the trial so that you will better understand what to be looking for while the evidence is presented.  If I later decide that different or additional law applies to the case, I will tell you.  In any event, at the end of the evidence I will give you the final instructions on which you must base your verdict.  At that time, you will have a complete written set of the instructions so you do not have to memorize what I am about to tell you.

## JURY INSTRUCTION NO. 4

## 202.2 EXPLANATION OF THE TRIAL PROCEDURE

Now that you have heard the law, I want to let you know what you can expect as the trial proceeds.

**Opening Statements:** In a few moments, the attorneys will each have a chance to make what are called opening statements. In an opening statement, an attorney is allowed to give you his views about what the evidence will be in the trial and what you are likely to see and hear in the testimony.

**Evidentiary Phase:** After the attorneys' opening statements the plaintiff will bring his witnesses and evidence to you.

**Evidence:** Evidence is the information that the law allows you to see or hear in deciding this case. Evidence includes the testimony of the witnesses, documents, and anything else that I instruct you to consider.

**Witnesses:** A witness is a person who takes an oath to tell the truth and then answers attorneys' questions for the jury. The answering of attorneys' questions by witnesses is called "giving testimony". Testimony means statements that are made when someone has sworn an oath to tell the truth.

The plaintiff's lawyer will normally ask a witness the questions first. That is called direct examination. Then the defense lawyer may ask the same witness additional questions about whatever the witness has testified to. That is called cross-examination. Certain documents or other evidence may also be shown to you during direct or cross-examination. After the plaintiff's witnesses have testified, the defendant will have the opportunity to put witnesses on the stand and

go through the same process.  Then the plaintiff's lawyer gets to do cross-examination.  The process is designed to be fair to both sides.

It is important that you remember that testimony comes from witnesses.  The attorneys do not give testimony and they are not themselves witnesses.

**Objections:** Sometimes the attorneys will disagree about the rules for trial procedure when a question is asked of a witness.  When that happens, one of the lawyers may make what is called an "objection".  The rules for a trial can be complicated, and there are many reasons for attorneys to object.  You should simply wait for me to decide how to proceed.  If I say that an objection is "sustained", that means the witness may not answer the question.  If I say that the objection is "overruled", that means the witness may answer the question.

When there is an objection and I make a decision, you must not assume from that decision that I have any particular opinion other than that the rules for conducting a trial are being correctly followed.  If I say a question may not be asked or answered, you must not try to guess what the answer would have been.  That is against the rules, too.

**Side Bar Conferences:** Sometimes I will need to speak to the attorneys about legal elements of the case that are not appropriate for the jury to hear.  The attorneys and I will try to have as few of these conferences as possible while you are giving us your valuable time in the courtroom.  But, if we do have to have such a conference during testimony, we will try to hold the conference at the side of my desk so that we do not have to take a break and ask you to leave the courtroom.

**Recesses:** Breaks in an ongoing trial are usually called "recesses".  During a recess you still have your duties as a juror and must follow the rules, even while having coffee, at lunch, or at home.

**Instructions Before Closing Arguments:** After all the evidence has been presented to you, I will instruct you in the law that you must follow.  It is important that you remember these instructions to assist you in evaluating the final attorney presentations, which come next, and, later, during your deliberations, to help you correctly sort through the evidence to reach your decision.

**Closing Arguments:** The attorneys will then have the opportunity to make their final presentations to you, which are called closing arguments.

**Final Instructions:** After you have heard the closing arguments, I will instruct you further in the law as well as explain to you the procedures you must follow to decide the case.

**Deliberations:** After you hear the final jury instructions, you will go to the jury room and discuss and decide the questions I have put on your verdict form.  You will have a copy of the jury instructions to use during your discussions.  The discussions you have and the decisions you make are usually called "jury deliberations".  Your deliberations are absolutely private and neither I nor anyone else will be with you in the jury room.

**Verdict:** When you have finished answering the questions, you will give the verdict form to the bailiff, and we will all return to the courtroom where your verdict will be read.  When that is completed, you will be released from your assignment as a juror.

*What are the rules?*

Finally, before we begin the trial, I want to give you just a brief explanation of rules you must follow as the case proceeds.

**Keeping an Open Mind:** You must pay close attention to the testimony and other evidence as it comes into the trial. However, you must avoid forming any final opinion or telling anyone else your views on the case until you begin your deliberations.  This rule requires you to keep an open mind until you have heard all of the evidence and is designed to prevent you from influencing

how your fellow jurors think until they have heard all of the evidence and had an opportunity to form their own opinions. The time and place for coming to your final opinions and speaking about them with your fellow jurors is during deliberations in the jury room, after all of the evidence has been presented, closing arguments have been made, and I have instructed you on the law. It is important that you hear all of the facts and that you hear the law and how to apply it before you start deciding anything.

**Consider Only the Evidence:** It is the things you hear and see in this courtroom that matter in this trial. The law tells us that a juror can consider only the testimony and other evidence that all the other jurors have also heard and seen in the presence of the judge and the lawyers. Doing anything else is wrong and is against the law. That means that you must not do any work or investigation of your own about the case. You must not obtain on your own any information about the case or about anyone involved in the case, from any source whatsoever. This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else. You must not visit places mentioned in the trial or use the internet to look at maps or pictures to see any place discussed during trial.

Do not provide any information about this case to anyone, including friends or family members. Do not let anyone, including the closest family members, make comments to you or ask questions about the trial. Jurors must not have discussions of any sort with friends or family members about the case or the people and places involved. So, do not let even the closest family members make comments to you or ask questions about the trial. In this age of electronic communication, I want to stress again that just as you must not talk about this case face-to-face,

you must not talk about this case by using an electronic device. You must not use phones, computers or other electronic devices to communicate.  Do not send or accept any messages related to this case or your jury service.  Do not discuss this case or ask for advice by any means at all, including posting information on an Internet website, chat room or blog.

**No Mid-Trial Discussions:** When we are in a recess, do not discuss anything about the trial or the case with each other or with anyone else. If attorneys approach you, don't speak with them.  The law says they are to avoid contact with you.  If an attorney will not look at you or speak to you, do not be offended or form a conclusion about that behavior.  The attorney is not supposed to interact with jurors outside of the courtroom and is only following the rules.  The attorney is not being impolite.  If an attorney or anyone else does try to speak with you or says something about the case in your presence, please inform the bailiff immediately.

**Only the Jury Decides:** Only you get to deliberate and answer the verdict questions at the end of the trial.  I will not intrude into your deliberations at all.  I am required to be neutral.  You should not assume that I prefer one decision over another.  You should not try to guess what my opinion is about any part of the case.  It would be wrong for you to conclude that anything I say or do means that I am for one side or another in the trial.  Discussing and deciding the facts is your job alone.

## JURY INSTRUCTION NO. 5

### 202.3 NOTE-TAKING BY JURORS

If you would like to take notes during the trial, you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you individually.

You will be provided with a note pad and a pen for use if you wish to take notes.  Any notes that you take will be for your personal use.  However, you should not take them with you from the courtroom.  During recesses, the bailiff will take possession of your notes and will return them to you when we reconvene.  After you have completed your deliberations, the bailiff will deliver your notes to me.  They will be destroyed.   No one will ever read your notes.

If you take notes, do not get so involved in note-taking that you become distracted from the proceedings. Your notes should be used only as aids to your memory.

Whether or not you take notes, you should rely on your memory of the evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than each juror's memory of the evidence.

## JURY INSTRUCTION NO. 6

### 202.4 JUROR QUESTIONS

*Questions for the court or courtroom personnel:*

During the trial, you may have a question about these proceedings. If so, please write it down and hand it to the bailiff, who will then hand it to me. I will review your question with the parties [and their attorneys] before responding.

*Questions for witnesses:*

You also may have a question you think should be asked of a witness. If so, there is a way for you to request that I ask the witness a question. After all the attorneys have completed their questioning of the witness, you should raise your hand if you have a question. I will then give you sufficient time to write the question on a piece of paper, fold it, and give it to the bailiff, who will pass it to me. Do not put your name on the question, show it to anyone or discuss it with anyone.

I will then review the question with the attorneys. Under our law, only certain evidence may be considered by a jury in determining a verdict. You are bound by the same rules of evidence that control the attorneys' questions. If I decide that the question may not be asked under our rules of evidence, I will tell you. Otherwise, I will direct the question to the witness. The attorneys may then ask follow-up questions if they wish. If there are additional questions from jurors, we will follow the same procedure again.

By providing this procedure, I do not mean to suggest that you must or should submit written questions for witnesses. In most cases, the lawyers will have asked the necessary questions.

## JURY INSTRUCTIONS BEFORE CLOSING ARGUMENTS

## JURY INSTRUCTION NO. 7

### 401.1 INTRODUCTION

Members of the jury, you have now heard and received all of the evidence in this case.  I am now going to tell you about the rules of law that you must use in reaching your verdict.  You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so.  These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.  When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.

## JURY INSTRUCTION NO. 8

### 401.2 SUMMARY OF CLAIMS

This civil action arises from an incident that occurred on or about July 1, 2015, while Mr. Kyle Volp was under the custody and control of Defendant NASSAU COUNTY SHERRIFF'S OFFICE and placed in an individual cell as a "medical watch" inmate, in or near the booking section of the Nassau County Jail.  When in such state, Co-Defendant and employee of NASSAU COUNTY SHERRIFF'S OFFICE, ANDREW WILLIAM SASSER, forcibly pushed Mr. Volp into a cinderblock wall twice and striking him with his knee, and punching him.  As a result, Mr. Volp claims he was permanently and seriously injured.

## JURY INSTRUCTION NO. 9

## STATE LAW BATTERY CLAIM

The Plaintiff is making a Battery claim against the Defendants.  Battery is an intentional tort, and a claim for Battery may lie if a person, without being authorized or privileged to so, touches or strikes another person against his will or intentionally causes bodily harm to another person.

However, a law enforcement officer is authorized to engage in conduct that might otherwise be a Battery where the officer reasonably believes that the conduct is reasonably and necessary in assisting with an arrest or maintaining custody of a prisoner. They are liable for battery if they use excessive force.  A battery claim for excessive force is analyzed by focusing upon whether the amount of force used was reasonable under the circumstances.

Under Florida law, a Sherriff's office may be held liable for batteries committed by its officers as long as the officers "acted within the course and scope of [their] employment and the [acts constituting the battery] [were] not committed in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard" of a detained person's human rights or safety.

*City of Boynton Beach v. Weiss*, 120 So. 3d 606, 611 (Fla. 4th DCA 2013)(examining § 768.28(9)(a), FLA. STAT. (2007)); *see also Gregory v. Miami-DadeCty.*, 719 F. App'x 859, 873 (11th Cir. 2017).

**JURY INSTRUCTION NO. 10**

**Civil Rights – 42 U.S.C. § 1983 – Fourth or Fourteenth Amendment Claim – Private Person or Pretrial Datainee Alleging Excessive Force**

In this case, Carly A. Volp, as Personal Representative of the Estate of Kyle Robert Volp, claims that Andrew Sasser, while acting under color of law, intentionally committed acts that violated Kyle Volp's constitutional right to be free from the use of excessive or unreasonable force while being held in custody as a pretrial detainee.

Under the Fourteenth Amendment to the United States Constitution and Florida law, every person has the right not to be subjected to excessive or unreasonable force while being held in custody as a pretrial detainee.

To succeed on these claims, Carly A. Volp, as Personal Representative of the Estate of Kyle Robert Volp, must prove each of the following facts by a preponderance of the evidence:

First: That Andrew Sasser intentionally committed acts that violated Kyle Volp's constitutional right not to be subjected to excessive or unreasonable force while being held in custody as a pretrial detainee;

Second: That Andrew Sasser acted under color of law.  The parties have agreed that Andrew Sasser acted under color of law, so you should accept that as a proven fact.

For the first element, Carly A. Volp, as Personal Representative of the estate of Kyle Robert Volp claims that Andrew Sasser used excessive force on Kyle Volp while he was being held in custody as a pretrial detainee. But not every push or shove—even if it later seems unnecessary— is a constitutional violation. Also, an officer always has the right to use the reasonable force that is necessary under the circumstances to maintain order and ensure compliance with jail or prison

regulations. Whether a specific use of force is excessive or unreasonable depends on factors such as the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force used; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

You must decide whether the force Andrew Sasser used in this case was excessive or unreasonable based on the degree of force a reasonable and prudent officer would have applied to maintain order and safety under the same circumstances. Andrew Sasser's underlying intent or motivation is irrelevant.

If you find Carly A. Volp, as Personal Representative for the estate of Kyle Robert Volp, has proved each fact that she must prove, you must decide the issue of his damages. If you find that the Plaintiff has not proved each of these facts, then you must find for Andrew Sasser.

<u>**JURY INSTRUCTION NO. 11**</u>

**Greater Weight (Preponderance) of the Evidence and Burden of Proof**

If the greater weight of the evidence does not support the claims of Plaintiff, then your verdict on those claims should be for Defendants.

## JURY INSTRUCTION NO. 12

### Greater Weight (Preponderance) of Evidence Defined

"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

<u>**JURY INSTRUCTION NO. 13**</u>

**Personal Injury Damages: Introduction**

If your verdict is for Defendants, you will not consider the matter of damages.  But if you find for Plaintiff, you should determine and write on the verdict form, in dollars, the total amount of loss or injury which the greater weight of the evidence shows he sustained as a result of the incident complained of, including any such damage as Plaintiff is reasonably certain to incur in the future. You shall consider the following elements.

## JURY INSTRUCTION NO. 14

### Personal Injury Damages: Elements

Any bodily injury sustained by Plaintiff and any resulting pain and suffering, disability, disfigurement, mental anguish, and loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in light of the evidence.

Personal injury damages also include the reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by Plaintiff.

## JURY INSTRUCTION NO. 15

**Prejudice and Sympathy, Judge Not Involved**

In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way. You should not speculate about how I might evaluate the testimony of any witness or any other evidence in this case, and you should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

## <u>JURY INSTRUCTION NO. 16</u>

### Duty to Deliberate - When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>**JURY INSTRUCTION NO. 17**</u>

**Election of Foreperson - Explanation of Verdict Form**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

[Explain verdict]


You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom. If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.