**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CARLY A. VOLP, as Personal
Representative of the Estate of
KYLE ROBERT VOLP,

    Plaintiff,

v.                                                                           Case No. 3:18-cv-689-TJC-JRK

ANDREW WILLIAM SASSER, as
an individual, and NASSAU
COUNTY SHERIFF'S OFFICE, Bill
Leeper, in his official capacity as
Sheriff,

    Defendants.

---

The Court sua sponte raises the issue of which party bears the burden of proof on the waiver of sovereign immunity issue.

Under Florida sovereign immunity law, a law enforcement officer may only be held liable for battery if he committed the battery outside the scope of his employment, or if he committed the battery in bad faith, or with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. See Hazleton v. City of Orlando, No. 6:10-cv-342-Orl-35-DAB, 2010 WL 11507191, at *4 (M.D. Fla. Aug. 10, 2010); see also FLA. STAT. § 768.28(9)(a). Accordingly, decisions from this Court and Florida state courts appear to suggest that, to succeed on her battery claim against Defendant

Andrew W. Sasser, Plaintiff Carly A. Volp must prove by a preponderance of the evidence that Sasser battered Robert A. Volp while acting outside the scope of his employment, or while acting in bad faith, or with malicious purpose, or in a manner exhibiting wanton and willful disregard of Robert A. Volp's human rights or safety. See Hall v. Knipp, 982 So. 2d 1196, 1198 (Fla. 1st DCA 2008) ("[W]e emphasize that, if appellant is unable to establish facts sufficient to support a finding that [the officer] acted in bad faith, with malicious purpose, or in a manner exhibiting a wanton and willful disregard of [appellant's] safety, [the officer] will be entitled to a judgment in [his] favor.") (internal quotation marks omitted); Fernander v. Bonis, 947 So. 2d 584, 589 (Fla. 4th DCA 2007) ("[T]he allegations of Fernander's complaint failed to satisfy section 768.28(9)(a) . . . . Fernander's factual allegations did not establish that [the officer] acted outside the scope of his employment or with wanton or willful disregard of Fernander's rights.").

Nevertheless, the question of who bears the burden of proof becomes less clear when considering that Plaintiff Volp has maintained a separate battery claim against Sasser's employer, Defendant Nassau County Sheriff's Office, and Nassau County Sheriff's Office effectively invokes Florida sovereign immunity law as an affirmative defense.

Accordingly, it is hereby

**ORDERED**

1. Plaintiff Carly A. Volp shall file supplemental briefing on the issues specified in this Order no later than **August 20, 2021**. Defendant Nassau County Sheriff's Office shall file a response no later than **September 3, 2021**. Defendant Andrew W. Sasser is not required to file a response but may file one no later than **September 3, 2021**. The parties' briefs shall be no longer than ten pages.

2. The parties shall file any amended proposed jury instructions or amended proposed verdict forms no later than **September 10, 2021**.

**DONE AND ORDERED** in Jacksonville, Florida the 5th day of August, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

tn
Copies to:

Counsel of record