UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:18-cv-689-J-32JRK

CARLY A. VOLP, as Personal
Representative of the Estate of
KYLE ROBERT VOLP,

    Plaintiff,

v.

ANDREW WILLIAM SASSER, as an individual,
NASSAU COUNTY SHERIFF'S OFFICE
[Bill Leeper, in his capacity as Sheriff
of Nassau County, Florida],,

    Defendant.
_____/

## PLAINTIFF'S RESPONSE TO COURT'S ORDER FILED ON AUGUST 5, 2021

Plaintiff, CARLY A. VOLP, as Personal Representative of the Estate of KYLE ROBERT VOLP, by and through the undersigned attorney, hereby responds to this Court's Order filed on August 5, 2021, by stating the following:

1. Plaintiff bears the burden of proof of on the waiver of sovereign immunity.

2. Defendant Nassau County Sherriff's Office bears the burden of proof on proving their affirmative defense of sovereign immunity.

3. On November 30, 2020, this Court granted Defendant's Nassau County Sheriff's Motion for Summary Judgment to the Section 1983 failure to trail claim, the negligent hiring claim and the negligent retention claim. (Doc. 64).

4. This Court denied summary judgment on the battery claim and explained:

> The Court finds that there are genuine issues of fact as to how Deputy Sasser conducted himself on July 1, 2015, and these facts are material to whether Deputy Sasser intentionally battered Volp with wanton and willful disregard of Volp's human rights and safety. Even if Deputy Sasser used excessive force, a reasonably jury could find that the did not act with bad faith, malicious purpose, or willful and wanton disregard for Deputy Sasser' human rights or safety.  Thus, NCSO's motion for summary judgment on Count IV is due to be denied, and the question of whether sovereign immunity absolves NCSO of liability is left to be decided at trial. *See Perkins v. City of Jacksonville Beach*, No. 3:06-cv-486-J-33MCR, 2007 WL 1796269, at *4 (M.D. Fla. Jun. 21, 2007) (The "jury must weigh the evidence and decide whether [the deputy] committed to wrongdoing, abused his lawful authority to make an arrest or acted in bad faith, with malicious purpose, or in a manner exhibiting wanton or willful [sic] disregard of human rights, safety, or property.'"). *Cf. McGhee v. Volusia Cty.*, 679 So. 2d 729, 733 (Fla. 1996) ("[T]he question must be put to the fact-finder whether [the deputy] acted in bad faith, with malicious

    purposes, or in a manner exhibiting wanton or willful [sic] disregard of human rights, safety, or property.").
(Doc. 64).

5. At trial, Plaintiff believes the evidence will show Defendant Andrew Sasser acted within the scope of his employment and did not act in bad faith, with malicious purpose, or in a manner exhibiting a wanton and willful disregard of Kyle Volp's safety, because Andrew Sasser acted to serve the interests of his employer, Nassau County Sherriff's Office.

6. If the Jury agrees and finds Defendant Sasser acted within the scope of his employment and did not act in bad faith, with malicious purpose, or in a manner exhibiting a wanton and willful disregard of Kyle Volp's safety, Nassau County Sherrif's office will not be protected by Florida's sovereign immunity law.

7. The case of *Hennegan v. Department of Highway Safety and Motor Vehicles*, 467 So. 2d 748, 750 (Fla. 1st DCA 1985) is instructive for determining the application of Florida's sovereign immunity law. The case of *Hennegan* involved an alleged rape by a Florida Highway Patrol Trooper and Florida Highway Patrol was liable for the actions of the trooper. *Id.* at 731-32. In addressing Florida's sovereign immunity law, the First DCA explained:

> As a general rule under the principles of the common law, an employer is liable in damages for the wrongful act of his employee that causes injury to another person, if the wrongful act is done while the employee is acting within the apparent scope of his authority as such employee to serve the interests of the employer, even though the wrongful act also constitutes a crime not a homicide or was not authorized by, or was forbidden by, the employer, or was not necessary or appropriate to serve the interests of the employer, unless the wrongful act of the employee was done to accomplish his own purposes, and not to serve the interests of the employer.

*Id.* at 750 (*citing Lay v. Roux Laboratories, Inc.*, 379 So. 2d 451, 453 (Fla. 1st DCA 1980); *Stinson v. Prevatt*, 94 So. 656, 657 (Fla. 1922)).

8. Additionally, the First DCA stated, "[a]lthough there is a cogent and persuasive argument that Menendez [employee] acted for personal reasons entirely divorced from his duties and responsibilities as maitre'd, (sic) it is not impossible to attribute the anger, assault and battery to overzealousness in the protection of what he envisioned as his employer's interests." *Id.* at 751.

9. If the Jury finds Defendant Sasser acted in bad faith, with malicious purpose, or in a manner exhibiting wanton or willful disregard of human rights, safety of Kyle Volp, then Defendant Sasser will be responsible for the battery and Nassau County Sherriff's Office would be entitled to Sovereign Immunity. Plaintiff understands this is a possibility.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 20, 2021, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, Jacksonville Division, by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Nelson E. Sierra
**MARTIN SITLER (FL Bar No.: 79075).**
**NELSON E. SIERRA (FL Bar No.: 124247)**
**RONALD E. SHOLES, P.A.**
4981 Atlantic Boulevard
Jacksonville, Florida 32207
Ph: 904-721-7575 Fax: 904-721-7474
Primary Email:
**ronsholespa-team2-eservice@youhurtwefight.com**
Attorneys for Plaintiff