UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLY A. VOLP, as Personal
Representative of the Estate of
KYLE ROBERT VOLP,

    Plaintiff,

vs.                                      CASE NO.:   3:18-cv-689-J-32JRK

ANDREW WILLIAM SASSER, as
an individual and NASSAU
COUNTY SHERIFF'S OFFICE, [Bill
Leeper, in his capacity as Sheriff of
Nassau County, Florida],

    Defendants.
_____/

**SUPPLEMENTAL BRIEFING OF LAW ON BURDEN
OF PROOF FOR SOVEREIGN IMMUNITY ISSUES**

Defendant, Nassau County Sheriff's Office (NCSO), pursuant to this Court's Order [Doc. 124], provides this Court with its supplemental briefing on the burden of proof on sovereign immunity issues. The Plaintiff has the burden of proof to establish liability against Andrew Sasser. To meet this burden, the Plaintiff must prove Sasser is not entitled to sovereign immunity. NCSO bears the burden of establishing its entitlement to sovereign immunity by establishing Sasser acted outside the scope and function of employment or in bad faith, with malice, or with wanton and willful disregard. Where the evidence establishes NCSO's entitlement

to sovereign immunity, NCSO will have discharged its burden for a judgment as a matter of law. The Plaintiff cannot simultaneously meet its burdens of establishing liability against both Sasser and NCSO for battery based on sovereign immunity.

**NCSO's Burden**

NCSO bears the burden of showing entitlement to sovereign immunity, by showing the evidence establishes Sasser acted outside the scope and function of employment or in bad faith, with malice, or in a manner exhibiting wanton and willful disregard of human safety.[1] The foregoing elements are established by the evidence in this case and thus NCSO anticipates it will be able to discharge its burden for purposes of moving for a judgment as a matter of law.[2]

"Bad faith" means acting with "actual malice," which requires proof of an "evil intent or motive."[3] The phrase "malicious purpose", has been interpreted as meaning the conduct "was committed with ill will, hatred, spite, or an evil intent" or

---

[1] *Multiquimica Dominicana, S.A. v. Chemo Int'l, Inc.*, 707 F. App'x 692, 695 (11th Cir. 2017) (Defendant bears the burden of proof on affirmative defenses.); *see also McGhee v. Volusia Cty.*, 679 So. 2d 729, 733 (Fla. 1996) (Where the employee's act falls outside the scope of employment, sovereign immunity then shields the *employing agency* from liability.).

[2] *Bashir v. AMTRAK*, 929 F. Supp. 404, 410 (S.D. Fla. 1996); *citing Fitzpatrick v. City of Atlanta*, 2 F. 3d 1112, 1115-17 (11th Cir. 1993).

[3] *Olson v. Johnson*, 961 So. 2d 356, 359 (Fla. 2d DCA 2007); *Parker v. Fla. Bd. of Regents*, 724 So. 2d 163, 167 (Fla. 1st DCA 1998).

"the subjective intent to do wrong."[4] "For conduct to be willful and wanton, it must be shown that the defendant knew, or reasonably should have known in light of the surrounding circumstances, that his conduct would naturally or probably result in injury and, with such knowledge, disregarded the foreseeable injurious consequences."[5]

The video of the subject incident establishes Sasser did not act with an intent to serve NCSO and instead acted with evil intent, ill will, hatred, or spite in a way which would naturally or probably result in injury.[6] This Court did not have the opportunity to review and analyze this video at the time it considered NCSO's motion for summary judgment on the battery cause of action due to technical issues with the copy of the video. A new copy has been provided along with this Brief so that the Court can now review.

The Plaintiff has also made admissions which aid NCSO in its burden. As a general matter, "a party is *bound* by the admissions in his pleadings".[7] This means

---

[4]  *Peterson v. Pollack*, 290 So. 3d 102, 104 (Fla. 4th DCA 2020).
[5]  *Gregory v. Miami-Dade Cty.*, 86 F. Supp. 3d 1340, 1343 (S.D. Fla. 2015); *quoting Lemay v. Kondrk*, 860 So. 2d 1022, 1025 (Fla. Dist. Ct. App. 2003) (Ofinger, J., dissenting)).
[6]  *See* surveillance video provided along with this Brief as Exhibit A which speaks for itself.
[7]  *Aquent LLC v. Stapleton*, 65 F. Supp. 3d 1339, 1349 (M.D. Fla. 2014); *quoting Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177 (11th Cir. 2009); and *Best*

a statement from an operative pleading is a conclusive judicial admission.[8] Even where the underlying pleading is amended or withdrawn and "the prior statement 'ceases to be a conclusive judicial admission,'" it is still *competent evidence*.[9]

The Amended Complaint alleges Sasser acted with depraved indifference, which means Sasser could not be entitled to sovereign immunity. In Count IV of the Amended Complaint–battery against NCSO–the Plaintiff alleged:

> Defendant SASSER's actions against VOLP, when he used unreasonable and excessive force to push VOLP against the cinderblock wall twice, strike him with Defendant's knee, and punch him with depraved indifference to human life and conscious disregard for the safety of the general public, constituted an intentional unwelcomed and unprivileged touching of VOLP.[10]

The Supreme Court of Florida has defined a depraved mind as follows:

> Conduct that is imminently dangerous to another and evincing a depraved mind is characterized by an act or series of acts that: (1) a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and (2) is done from ill will, hatred, spite or an evil intent, and (3) is of such a nature that the act itself indicates an indifference to human life.[11]

---

*Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F. 2d 618, 621 (11th Cir. 1983) [*emphasis added; internal quotations omitted*].
[8]   *See Id.*
[9]   *Aquent LLC*, 65 F. Supp. 3d at 1349; *citing Palm Beach Int'l, Inc. v. Salkin*, No. 10-60995-CIV, 2010 U.S. Dist. LEXIS 138374, 2010 WL 5418995, at *6 (S.D. Fla. Dec. 23, 2010).
[10]   Doc. 11 ¶ 39.
[11]   *Holmes v. State*, 278 So. 3d 301, 304 (Fla. 1st DCA 2019); *citing State v. Montgomery*, 39 So. 3d 252, 255-56 (Fla. 2010).

Here, the assertion that Sasser acted with depraved indifference[12] serves as admission of the following: 1) a person of ordinary judgment would know his actions were reasonably certain to cause serious bodily injury; 2) his actions were done from ill will, hatred, spite, or an evil intent; and 3) his actions were of such a nature that they indicated an indifference to human life. evil intent or motive."[13] This is an almost verbatim admission of the elements of "bad faith" (an "evil intent or motive"[14]); "malicious purpose", ("committed with ill will, hatred, spite, or an evil intent" or "the subjective intent to do wrong"[15]); and "willful and wanton disregard" ("the defendant knew, or reasonably should have known in light of the surrounding circumstances, that his conduct would naturally or probably result in injury and, with such knowledge, disregarded the foreseeable injurious consequences"[16]).

**Plaintiff's Burden**

Where, as here, the evidence affirmatively negates an essential element of the plaintiff's claim and the defendant can discharge its initial burden, the plaintiff must respond with evidence sufficient to withstand a motion for judgment as a matter of

---

[12]   The Amended Complaint is the operative Complaint.
[13]   *Olson*, 961 So. 2d at 359; *Parker*, 724 So. 2d at 167.
[14]   *See Id.*
[15]   *Peterson*, 290 So. 3d at 104.
[16]   *Gregory*, 86 F. Supp. 3d at 1343; *quoting Lemay*, 860 So. 2d at 1025.

law.[17]  It is not anticipated the Plaintiff will be able to put on evidence to establish Sasser acted with an intent to serve NCSO and not in bad faith, with malice, or willful and wanton disregard. Thus, the Plaintiff will not be able to overcome its burden on judgment as a matter of law.

The Plaintiff's Response [Doc. 125] did not cite any relevant case law to suggest the evidence in this case will be sufficient to meet the Plaintiff's burden to overcome a judgment as a matter of law for NCSO. The Response primarily relies on *Hennagan v. Department of Highway Safety and Motor Vehicles*, a 1985 Florida First District Court of Appeal case wherein a Florida Highway Patrol Trooper was alleged to have sexually abused and molested a minor female under the pretense of suspected theft. The Plaintiff incorrectly asserted in paragraph 7 of their Response that the *Hennagan* court *held Florida Highway Patrol liable* for the acts of the trooper.[18] To the contrary, *Hennigan* did not involve a verdict and was instead an appeal of a motion to dismiss–thus, the standard was significantly different, and less stringent–than the standard for a judgment as a matter of law or jury verdict.

---

[17]  *Bashir*, 929 F. Supp. at 410; *citing Fitzpatrick*, 2 F. 3d at 1115-17.
[18]  Doc. 125; ¶7 ("[t]he case of Hennagan involved an alleged rape by a Florida Highway Patrol Trooper and Florida Highway patrol was liable for the actions of the trooper.")

While the *Hennagan* court overturned dismissal of an amended complaint, it *upheld* summary judgment *in favor of the Defendant* on the third amended complaint because the evidence could not withstand the more stringent test of summary judgment.[19] Moreover, even though the court overturned the dismissal of the Amended Complaint, the court still stated, "[o]n the more stringent test of summary judgment or trial, these matters *may be resolved adversely to plaintiff*."[20] *Hennagan* also <u>only</u> analyzed whether the trooper was acting within the scope and function of employment under §768.28(1), Fla. Stat., and did <u>not</u> analyze whether he acted in "bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard" under §768.28, (9)(a), Fla. Stat. Hence, contrary to the Plaintiff's assertions, *Hennagan* is not instructive on the issues pending in the *Volp* litigation.

Further, *Hennagan* is contrary to the weight of Florida authority, which has consistently held that an employer (including government employers, such as law enforcement agencies) is <u>not</u> liable for such wrongful acts as a sexual assault

---

[19] *Hennagan v. Dep't of Highway Safety & Motor Vehicles*, 467 So. 2d 748, 751 (Fla. 1st DCA 1985).
[20] *See Id.* (*emphasis added*).

committed by its employee.[21] The Eleventh Circuit has also limited the applicability of the *Hennagan* holding outside of the motion to dismiss setting.[22]

*Hennagan* is <u>not</u> relevant or instructive in the present case because it was decided on an entirely different standard (a motion to dismiss standard) than the standard at issue here for a judgment as a matter of law or jury verdict. Given its limited scope, *Hennigan* is also inapplicable to the issues in the present litigation.

---

[21]   *Hunter v. United States*, 825 F. App'x 699, 703 (11th Cir 2020); *see also Hammer v. Lee Mem'l Health Sys.*, 2018 U.S. Dist. LEXIS 130583, 2018 WL 3707832, at *4 (M.D. Fla. Oct. 18, 2018); *Hemmings v. Jenne*, 2010 U.S. Dist. LEXIS 108526, 2010 WL 4005333, at *5 (S.D. Fla. Oct. 12, 2010); *Elders v. United Methodist Church*, 793 So. 2d 1038, 1041 (Fla. 3d DCA 2001); *Mason v. Fla. Sheriffs' Self-Ins. Fund*, 699 So. 2d 268, 270 (Fla. 5th DCA 1997); *cf. Lindheimer v. St. Paul Fire & Ins. Co.*, 643 So. 2d 636, 638-39 (Fla. 3d DCA 1994).

[22]   *See Nolan v. Cent. Modular Sys.*, No. 6:09-cv-1224-Orl-19DAB, 2009 U.S. Dist. LEXIS 136944, at *7 (M.D. Fla. Sep. 10, 2009); *Rivera v. Aaron Rents, Inc.*, No. 8:07-cv-2190-T-30TGW, 2008 U.S. Dist. LEXIS 16988, at *8 (M.D. Fla. Mar. 5, 2008); *see also Hunter*, 825 F. App'x at 701 (*Hunter* considered an appeal of summary judgment for the defendant on a patient's claim alleging inappropriate touching by a healthcare provider at a clinic in Miami, Florida. The defense claimed entitlement to sovereign immunity and therefore summary judgment on the basis that the provider was acting outside the scope of employment and thus the court lacked jurisdiction. The patient cited to *Hennagan* to support her claim that the doctor's actions could be within the course of employment and merely attributed to misfeasance and/or overzealousness in the performance of his duties. The *Hunter* court held *Hennagan* was inapplicable to "the more stringent test of summary judgment" and held the doctor's conduct fell outside the scope of his employment as a matter of law; thus, the court upheld summary judgment for the defendant.)

## CONCLUSION

Where, as here, the evidence establishes Sasser committed a battery and acted outside the scope and function of employment, in bad faith, with malice, or with wanton and willful disregard of human safety, NCSO will be entitled to a verdict or a judgment as a matter of law in its favor.

ANDREWS, CRABTREE, KNOX & LONGFELLOW, LLP

/s/     Ramsey Revell
Joe Longfellow, III (FL Bar #62225)
Ramsey Revell (FL Bar #115369)
1558-1 Village Square Boulevard
Tallahassee, Florida 32309
(850) 297-0090; Fax (850) 297-0219
jlongfellow@andrewscrabtree.com
rrevell@andrewscrabtree.com
jhunter@andrewscrabtree.com
mwise@andrewscrabtree.com
*Attorney for Sheriff Bill Leeper*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been electronically filed and a true and correct copy of the foregoing has been furnished via CM/ECF this 9th day of September 2021 to:

Martin Sitler, Esquire
Nelson E. Sierra. Esquire
Ronald E. Sholes, P.A.
4981 Atlantic Boulevard
Jacksonville, Florida 32207
pleadings@ronsholespa.com

John Merrett, Esquire
John Merrett Attorney at Law
1022 Park Street
Suite 201A
Jacksonville, Florida 32204

ronsholespa-team2-eservice@youhurtwefight.com   johnmerrett@comcast.net
nelson@youhurtwefight.com   *Attorney for Andrew Sasser*
marty@youhurtwefight.com
amber.godwin@youhurtwefight.com
*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　*/s/     Ramsey Revell*
　　　　　　　　　　　　　　　　Ramsey Revell