UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLY A. VOLP, as Personal
Representative of the Estate of
KYLE ROBERT VOLP,

CASE NO.: 3:18-CV-689-J-32JRK

        Plaintiff,

v.

ANDREW WILLIAM SASSER, as an individual,
NASSAU COUNTY SHERIFF'S OFFICE
[Bill Leeper, in his capacity as Sheriff
of Nassau County, Florida],

_____/

## PLAINTIFF'S UNOPPOSED MOTION TO CONTINUE TRIAL

Plaintiff, CARLY A. VOLP, as a Personal Representative of the Estate of KYLE ROBERT VOLP, hereinafter known as "VOLP", through the undersigned counsel, and pursuant to Local Rule 3.01(a) and 3.09, Rules of the Middle District of Florida, and Rule 6(b), Federal Rules of Civil Procedure, files this Motion to Continue Trial in this matter and in support, states:

### MOTION

1.     This is a battery and civil rights action for monetary damages arising from a battery that occurred in Nassau County Jail on July 1, 2015.

2.     On September 15, 2021, this Court issued an Order Scheduling Trial.

(Doc. 131) Pursuant to said order, this case is set for a jury trial beginning on February 22, 2022, at 9:00 a.m.

3.      Undersigned counsel is in the position of having recently assumed representation of at least 40 new cases (many of which are currently set for trial) due to the unexpected and immediate departure of multiple firm attorneys (including previous lead counsel for Plaintiff in this case), which will make it difficult to properly prepare for the trial of this case.

4.      For example, undersigned counsel has very recently filed Notices of Appearance and/or Substitution of Counsel in at least 36 new cases. *See* Ex 1.

5.      Undersigned counsel has also recently taken over representation of three (3) additional cases in which a Notice of Appearance and/or Substitution have not yet been filed, and one (1) additional case in pre-suit.[1]

6.      Likewise, undersigned counsel first had contact with, and began work on, this case on in October 2021, with the trial of this case already set for February 22, 2022.

7.      Further, Plaintiff filed her Amended Complaint for Declaratory Relief to determine insurance coverage in this matter on October 29, 2021. *See* Ex. 2.

---

[1] *Jordan v. Bolin Jr.*, Case No: 2018-CA-006912 in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida; *Myers v. Carter*, Case No: 2019-CA-7456 in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida; *Kellam v. Martin*, Case No. 3:20-CV-00252 United States District Court Middle District of Florida Jacksonville Division; and pre-suit plaintiffs Brice Burnsed and Katie Coats.

8. Resolution of this coverage insurance is necessary for both parties to be able to fully evaluate the case.

9. Additionally, Plaintiff's counsel has a direct conflict with the February 22, 2022 trial date in the matter of *Charboneau v. Wiggins*, Case No. 2017-CA-7442 in the Circuit Court for the Fourth Judicial Circuit, in and for Duval County, Florida.

10. Accordingly, the interests of justice in this case would be best served by this Court granting a continuance.

11. Undersigned counsel certifies that Plaintiff consents to a continuance of the trial in this case.

12. To date, there have not been any continuances requested by either Party.

13. This motion is filed in good faith and not for the purpose of delay or any other improper purpose.

### Memorandum of Law

A motion for continuance must be based upon good cause shown; an order granting such relief is within the sound discretion of the trial court. *Fed. R. Civ. P.* 6(b); *Local Rule* 3.08; *United States v. Sitzer*, 785 F.2d 1506, 1516 (11th Cir.1986); *Dempsey v. Mac Towing Inc.*, 876 F.2d 1538, 1541 (11th Cir. 1989). "Courts generally

have given Rule 6(b) a liberal interpretation in order to work substantial justice." *Hoffman v. Kennedy*, 30 F.R.D. 50, 52 (E.D. Pa. 1962).

Here, as explained above, Plaintiff is seeking a continuance of the trial for good cause (the sudden resignation of multiple firm attorneys and the necessary reassignment of the case) and not for the purpose of delay. No party will be prejudiced by this request. A continuance will benefit both parties and allow the undersigned to become familiar with this case. The reason for this request is neither the fault of Plaintiff nor undersigned counsel. Based on the foregoing, it would be contrary to the interests of justice to proceed with the currently scheduled trial date.

## CONCLUSION

Based on the forgoing, Plaintiff respectfully requests this Honorable Court to grant the relief stated in Plaintiff's Motion to Continue trial.

## CERTIFICATE OF COUNSEL CONFERENCE

Pursuant to M.D. Fla. Loc. R. 3.01(g), the undersigned certifies that he has conferred with Defendant's Counsel, Joe Longfellow, III, with respect to the relief requested herein, and Defendants do not oppose the relief requested herein.

Respectfully submitted,

_____
GREGORY W. LINEBERRY (FL Bar No. 181552)
ALEXANDER D. NOBREGAS (FL Bar No. 1003676)
JONATHON J. CARTER (FL Bar No. 1031010)
RONALD E. SHOLES, P.A.
4981 Atlantic Boulevard
Jacksonville, Florida 32207
Ph: 904-309-7801 Fax: 904-721-7474
Primary Email:
**RonSholesPA-Team1-Eservice@youhurtwefight.com**
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 1, 2021, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, Jacksonville Division, by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_____
GREGORY W. LINEBERRY